UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>                    Debtor,<br><br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>PAUL and DIANE COOPER, et al.,<br><br>                    Defendants. | NO: CV-11-362-RMP<br><br>Bankr. Case No. 09-06194-PCW11 (Consolidated Case)<br><br>Adv. Proc. No. 11-80093-PCW11<br><br>ORDER DENYING MOTION TO DISMISS CLAIMS AND TO EXCLUDE CANADIAN TRANSACTIONS |

Before the Court is the Motion to Dismiss Claims for Lack of Statutory Authority and to Exclude Canadian Transactions, **ECF No. 101**, submitted on behalf of multiple defendants. The Court has reviewed the briefing and supporting materials regarding this motion and is fully informed.

ORDER DENYING MOTION TO DISMISS CLAIMS AND TO EXCLUDE CANADIAN TRANSACTIONS ~ 1

The moving defendants assert that the Court lacks statutory authority to allow this action to proceed against them because such an action would constitute an impermissible extraterritorial enforcement of domestic law. Alternatively, the moving defendants claim that domestic laws are at least inapplicable as to specific transactions that took place in Canada and between Canadian residents, unless Plaintiff overcomes the presumption against extraterritorial enforcement.

This motion is untimely. The Bankruptcy Court's Amended Scheduling Order Re Non-Common Issues set July 25, 2013, as the deadline for dispositive motions. 11-80093-PCW, ECF No. 252 at 3. The moving defendants filed the instant Motion to Dismiss on September 3, 2013. ECF No. 101.

Although the Court ordered on August 29 that "[a]ny Stipulations of or Motions for Dismissal shall be filed in the district court pursuant to Fed. R. Civ. P. 41," ECF No. 100, this motion to dismiss exceeds the scope of Rule 41. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). As the moving defendants imply, the Motion to Dismiss is more similar to a motion for summary judgment. *See* ECF No. 118 at 2-3.

Even if the Motion to Dismiss were timely, the Court would deny the motion on its merits. There is a longstanding presumption in American law that acts of Congress are meant to apply only within the territorial jurisdiction of the United

States. *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010) (citing *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 248 (1991)). "When a statute gives no clear indication of an extraterritorial application, it has none." *Id.* at 2878.

However, questions regarding the reach of congressional acts are not implicated when the conduct at issue occurs within the United States. *Morrison*, 130 S. Ct. at 2883-88. *See also Gushi Bros. Co. v. Bank of Guam*, 28 F.3d 1535, 1538 (9th Cir. 1994); *Environmental Defense Fund, Inc. v. Massey*, 986 F.2d 528, 531 (D.C. Cir. 1993) ("Even where the significant effects of the regulated conduct are felt outside U.S. borders, the statute itself does not present a problem of extraterritoriality, so long as the conduct which Congress seeks to regulate occurs largely within the United States.").

Here, as the Bankruptcy Court found in an order denying a similar motion to dismiss, the relevant conduct largely occurred in Spokane, Washington. *See* 11-80093-PCW, ECF No. 146 at 13-16. The Debtor's personnel, located in Spokane, issued payments to Canadian lenders as far back as 2001. ECF No. 111-5 at 257. Although the moving defendants assert that certain defendants received no payments from the Debtor's United States entities, ECF No. 101 at 7, an employee of one of the Debtor's affiliates stated that "funds freely flowed back and forth between bank accounts located in the United States and bank accounts located in Canada," ECF No. 111-5 at 258. Moreover, the same employee stated that

promissory notes from 2001 and later were executed in Spokane.  ECF No. 111-5 at 259.  The Court concludes that the presumption against the extraterritorial application of congressional acts does not apply here because the conduct at the heart of this case largely occurred within the United States.

The moving defendants refer to the Supreme Court's recent decision in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013), to emphasize the significance of the presumption against extraterritorial application of federal law.  In *Kiobel*, the Supreme Court held that the presumption against extraterritoriality applies to the Alien Tort Statute and that nothing in the statute rebuts that presumption.  *Id.* at 1669.  That holding does not affect this order, however, because, as discussed above, the relevant conduct largely occurred within the United States.  In other words, "the claims touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application." *Id.* at 1669 (citing *Morrison*, 130 S. Ct. at 2883-88).

Therefore, the Court denies the Motion to Dismiss Claims and to Exclude Canadian Transactions as untimely and also because the motion is insufficient on the merits.

\

\

\

ORDER DENYING MOTION TO DISMISS CLAIMS AND TO EXCLUDE CANADIAN TRANSACTIONS ~ 4

1  Accordingly, **IT IS HEREBY ORDERED** that the Motion to Dismiss
2  Claims for Lack of Statutory Authority and to Exclude Canadian Transactions,
3  **ECF No. 101**, is **DENIED**.
4  The District Court Clerk is hereby directed to enter this Order and to provide
5  copies to counsel, pro se defendants, and Judge Patricia C. Williams and Judge
6  Frederick P. Corbit.
7  **DATED** this 16th day of October 2013.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge